UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GINA DANKO,                                  Case No. 11-10162

        Plaintiff,                        District Judge Nancy G. Edmunds

v.                                           Magistrate Judge R. Steven Whalen

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

_____/

### REPORT AND RECOMMENDATION

This is a Social Security Disability appeal brought pursuant to 42 U.S.C. § 405(g). Plaintiff Gina Danko filed her complaint *pro se*. Before the Court is Defendant's Motion to Dismiss [Doc. #9], based on Plaintiff's failure to commence this action within 60 days of the final decision of the Commissioner of Social Security. The motion has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that the motion to dismiss be GRANTED.

### I.    BACKGROUND

The Defendant accurately sets forth the procedural history of this case in its motion and the attached Declaration of Patrick J. Herbst, Chief of Court Case Preparation Review Branch 3, Office of Disability Adjudication and Review, Social Security Administration (Defendant's Exhibit 1). Additional facts are set forth in the written decision of Administrative Law Judge ("ALJ") Peter N. Dowd, also included with Exhibit 1.

Ms. Danko filed an application for Disability Insurance Benefits ("DIB") on August 4, 2004. After initial denial, she requested a hearing, and on August 18, 2006,

ALJ Cynthia A. Minter issued an unfavorable decision. Ms. Danko did not seek review of

that decision. Ms. Danko filed the current application for DIB on April 11, 2008. ALJ

Dowd issued an unfavorable decision on May 6, 2010. Ms. Danko timely sought review

by the Appeals Council, which denied her request for review on September 22, 2010.

Approximately three and one-half months later, on January 12, 2011, she filed her

complaint in this Court.

## II.   LEGAL PRINCIPLES

42 U.S.C. §405(g) provides that:

> "Any individual, after any final decision of the Commissioner of Social
> Security made after a hearing to which he was a party, irrespective of the
> amount in controversy, may obtain a review of such decision by a civil
> action commenced *within sixty days after the mailing to him of notice of
> such decision or within such further time as the Commissioner of Social
> Security may allow*."  (Emphasis added).

Section 405(g) is generally considered the sole avenue for judicial review under the Act.

42 U.S.C. §405(h);  *Heckler v. Ringer*, 466 U.S. 602, 617, 104 S.Ct. 2013, 80 L.Ed.2d

622 (1984). Therefore, a plaintiff must file his or her complaint within the 60-day period

set forth in the statute.

Together, 20 C.F.R. §§ 404.901 and 422.210(c) provide that the date of mailing,

from which the 60 days starts to run, is five days from the date of the notice, which is the

presumptive date that a claimant receives the Appeal Council's notice.

The 60-day limit set forth in 42 U.S.C. §405(g) is not jurisdictional, but is a period

of limitations subject to equitable tolling in an appropriate case.  *Bowen v. City of New

York*, 476 U.S. 467, 478, 106 S.Ct. 2022, 90 L.Ed.2d 462 (1986).  However, "in the

context of § 405(g), the '[p]laintiff bears the burden of establishing the exceptional

circumstances that warrant equitable tolling.' " *Jackson v. Astrue,* 506 F.3d 1349, 1353

(11th Cir.2007) (quoting *Davila v. Barnhart,* 225 F.Supp.2d 337, 339 (S.D.N.Y.2002)).

See also *Graham Humphreys v. Memphis Brooks Museum of Art, Inc.,* 209 F.3d 552, 561 (6th Cir.2000) ("federal courts sparingly bestow equitable tolling"). In determining whether to grant equitable tolling, the Court considers the following factors: "(1) the petitioner's lack of [actual] notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim." *Cook v. Comm'r of Soc. Sec.,* 480 F.3d 432, 437 (6th Cir. 2007).

### III.   DISCUSSION

The Appeals Council mailed its Notice of Action to Ms. Danko on September 22, 2010. Adding the five days for mailing, the 60-day period to file for judicial review expired on Friday, November 26, 2010. However, the Court was closed for the Thanksgiving holiday on that date; therefore, she would have had until the next business day, Monday, November 29, to file her complaint. She in fact filed on January 12, 2011, 44 days late.

It is clear that Ms. Danko filed in this Court well outside of the 60-day limitations period, and her complaint must be dismissed unless she can show entitlement to equitable tolling.

In her response to the present motion [Doc. #11], Ms. Danko states that she suffers from a number of problems and limitations. She has suffered from epilepsy almost her entire life; she takes numerous medications, which make her weak and cause her to sleep excessively; someone must be home with her when she showers; she has been in and out of hospitals "for quite some time"; and she also suffers from anxiety and bipolar disorder. Because Ms. Danko is proceeding without counsel, I will liberally construe her response

as alleging that these various conditions worked together to prevent her from timely filing her complaint.[1] Nevertheless, she has not met her burden of showing entitlement to equitable tolling. The Appeals Council's notice clearly informed Ms. Danko of the 60-day requirement for filing. She did not ask the Commissioner for an extension before filing her complaint. Notwithstanding any physical and psychological limitations, Ms. Danko was able to file a timely request for an administrative hearing after the initial denial in April of 2008, and filed a timely request for Appeals Council review, all unassisted by counsel. She also conducted the 2004-2006 proceedings through the administrative hearing phase without counsel. Thus, while I do not question that she suffers some degree of impairment, *see* ALJ Dowd's decision, Defendant's Exhibit 1, her limitations have not prevented her from timely pursuing remedies in the past. Finally, while there may not be specific and articulable prejudice to the Defendant by permitting a late filing, the Court's statement in *Cook*, where the plaintiff filed only one day late, is worth noting:

> "Although allowing Cook to file his complaint one day late likely would create little prejudice to the Commissioner in this particular case, we are mindful of the fact that there are millions of applicants for Social Security benefits each year, and that the lack of a clear filing deadline could create havoc in the system." 480 F.3d at 437.

Ms. Danko filed her complaint well beyond the 60-day statute of limitations set forth in § 405(g), and has not met her burden of showing compelling reasons to equitably toll the time for filing. Her complaint should therefore be dismissed.

## IV.   CONCLUSION

For these reasons, I recommend that Defendant's Motion to Dismiss [Doc. #9] be

---

[1] *See Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004), citing *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Herron v. Harrison*, 203 F.3d 410, 414 (6th Cir. 2000) (*pro se* pleadings are held to "an especially liberal standard"); Fed.R.Civ.P. 8(f) ("All pleadings shall be so construed as to do substantial justice").

GRANTED, and that the complaint be DISMISSED WITH PREJUDICE.

Any objections to this  Report and Recommendation must be filed  within 14 days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir.  1991); *United States v. Walters,* 638 F.2d 947 (6th Cir.  1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir.  1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir.  1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within 14 days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than 20 pages in length unless by motion and order such page limit is extended by the court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/ R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Date: January 27, 2012


The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of Electronic Filing on January 27, 2012.

Gina Danko                              s/Johnetta M. Curry-Williams
10003 Dixie Hwy Apt 3                    Case Manager
Clarkston, MI 48348-2465